IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEO MICHAEL WEILER, | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3308 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on filing no. 15, the Motion for Summary Judgment filed by the respondent, the State of Nebraska. In his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), Leo Michael Weiler, a prisoner in the custody of the State of Nebraska, alleges violations of his civil rights in connection with his conviction and sentence in the County Court of Lancaster County, Nebraska, on or about February 21, 2003, on three misdemeanor charges of violating a protection order. The petitioner received prison sentences of 90 days on each charge.

In filing no. 15, the respondent seeks dismissal of the § 2254 petition because the petitioner is in state custody on convictions for the felony offenses of second degree assault and making terroristic threats. According to the respondent, "[t]he petitioner has never been in state custody pursuant to any charges relating to violating protection orders" (filing no. 16 at 1).

On the other hand, the petitioner asserts that on remand from his unsuccessful appeal of his misdemeanor convictions, the Lancaster County Court ordered the misdemeanor 90-day prison terms to be served concurrently with the prison terms in state custody for the felony convictions. The respondent has furnished none of the records

1

relevant to the petitioner's sentences on the misdemeanor charges. Therefore, this court cannot conclusively determine from the record provided by the respondent when the petitioner began to serve his 90-day sentences, how much credit he had received for time previously served, and when, if at all, his 90-day prison terms expired.

As the petitioner's present custodian, the respondent must properly address the basis for the relief he requests (dismissal of the § 2254 petition). He has not done so. Filing no. 15 will be denied.

On the other hand, the denial of filing no. 15 for lack of sufficient information does not mean that the § 2254 petition is properly before this court, a matter which has yet to be determined. If, in this habeas case, the petitioner challenges convictions on which he had fully served his sentences *before* he filed his habeas petition, the convictions may not be subject to collateral attack.

The United States Supreme Court ruled in Maleng v. Cook, 490 U.S. 488, 490-92 (1989), that federal courts lack jurisdiction to consider a habeas petition attacking a sentence which the petitioner had entirely served when the § 2254 petition was filed. There are two reasons for this limitation on habeas review.

First, a petitioner has no right to relitigate the validity of an earlier state conviction when he is no longer in custody because of that conviction. See, e.g., Martin v. Deuth, 298 F.3d 669, 671 (7th Cir. 2002) ("The Supreme Court has interpreted the 'in custody' language as 'requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed.'")

Second, a petitioner's earlier convictions become "conclusively valid" if the sentences for those convictions have been fully served before they are challenged in a §

2254 petition. See, e.g., Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001): "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid."[1]   Thus, because of "the interests of finality and ease of administration," a petitioner may not collaterally attack a fully expired state court conviction under 28 U.S.C. § 2254 or 28 U.S.C. § 2241. Broomes v. Ashcroft, 358 F.3d 1251, 1255 (10th Cir. 2004).[2]

Thus, if Mr. Weiler's 90-day misdemeanor sentences were fully served, i.e., had

---

[1] See also Daniels v. United States, 532 U.S. 374, 381 (2001):

> Our system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 .... **These vehicles for review, however, are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim.** See, e.g., United States v. Olano, 507 U.S. 725, 731... (1993) ("No procedural principle is more familiar to this Court than that **a constitutional right ... may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right** before a tribunal having jurisdiction to determine it"....). One of the principles vindicated by these limitations is a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights."

(Emphasis added).

[2] An exception to the "conclusively valid" status of a prior conviction exists when "there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 ... (1963)." Lackawanna County District Attorney v. Coss, 532 U.S. 394, 404 (2001).

3

wholly expired, *before* he filed his § 2254 petition in this case, the foregoing legal decisions bar him from seeking to invalidate those convictions in collateral proceedings.[3]

THEREFORE, IT IS ORDERED:

1.  That filing no. 15, the respondent's Motion for Summary Judgment, is denied;

2.  That by August 10, 2005, the respondent shall file an Answer to the § 2254 petition limited to the jurisdictional issue discussed above, i.e., whether the petitioner had completely served his sentences on the challenged misdemeanor convictions before he filed his § 2254 petition in this court, and whether the petitioner's claims may be addressed in a § 2254 proceeding;

3.  That by August 10, 2005, the respondent shall also file with the court and serve on the petitioner a detailed pleading entitled Designation of Relevant State Court Records, and such Designation of Relevant State Court Records shall include every record which could conceivably bear on this court's jurisdiction over the petitioner's § 2254 petition, including all judgments in the county court and state district and appellate courts concerning the petitioner's misdemeanor convictions and all orders relating to sentencing for those convictions;

4.  That all records listed in the respondent's Designation of Relevant State Court Records shall be filed with the court at the time the Designation is filed;

5.  That by September 10, 2005, the petitioner shall file a Reply to the respondent's Answer; and

---

[3]If a petitioner is in custody by reason of the challenged conviction *when* he files a § 2254 petition, the petitioner's subsequent release will not moot the petition or deprive petitioner of standing. Spencer v. Kemna, 523 U.S.1, 7-8 (1998)

6. That, after reviewing the Answer, the Reply, the record and the applicable law, the court will address whether this habeas action may proceed or whether, on the contrary, it must be dismissed.

July 8, 2005.　　　　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　　　/s *Richard G. Kopf*
　　　　　　　　　　　　　　　　　United States District Judge