IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LEO MICHAEL WEILER, | ) | |
| | ) | |
| Petitioner, | ) | 4:04cv3308 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("§ 2254 petition"), filed by Leo Michael Weiler; the Answer filed by the the State of Nebraska; the state court records, and the party's briefs. The matter under consideration at this time is whether the petitioner's convictions are open to collateral attack in this court. The petitioner challenges his convictions on or about February 21, 2003, in the County Court of Lancaster County, Nebraska, for three violations of a protective order. For the three misdemeanor convictions, the petitioner received prison sentences of: (a) 30 days in Case No. CR02-15620, (b) 30 days in Case No. CR02-15769 and (c) 90 days on another count in Case No. CR02-15769, all sentences to run concurrently and to be reduced by credit for time spent in pretrial custody.

On April 15, 2003, the petitioner began to serve a separate sentence in state custody on convictions for the felony offenses of second degree assault and making terroristic threats. When he filed his § 2254 petition in the above-entitled case on September 23, 2004, the petitioner was in the custody of the Nebraska Department of Correctional Services ("DCS") serving his prison sentence for the felony convictions.[1] The question before this court from the outset of the petitioner's habeas case has been whether his misdemeanor sentences had wholly expired before he filed his § 2254 petition in the above-entitled case.

In filing no. 15, the respondent sought dismissal of the § 2254 petition because the

---

[1] Since October 26, 2005, the petitioner has been released on parole.

1

petitioner was not in state custody on the charges challenged in the § 2254 petition. According to the respondent, "[t]he petitioner has never been in state custody pursuant to any charges relating to violating protection orders" (filing no. 16 at 1). However, at that time, the respondent had furnished none of the records relevant to the petitioner's sentences on the misdemeanor charges. Therefore, the court could not determine when the petitioner began to serve his misdemeanor sentences, how much credit he had received for time previously served, and when, if at all, his misdemeanor prison terms had expired.

The records have now been provided to the court, and they reveal that the petitioner had wholly served his sentences for the misdemeanor offenses which are the subject of this litigation before he filed his § 2254 petition to begin this case.[2] Upon conviction in Case Nos. CR02-15620 and CR02-15769, the petitioner did not obtain release on bail pending appeal, but instead, he was remanded to the custody of the Lancaster County Sheriff. He received credit for pretrial time served of 26 days on the 30-day sentences and 65 days on the 90-day sentences. All three sentences were to be served concurrently to each other. Therefore, by 25 days after his surrender to the Sheriff's custody, at the latest, the petitioner had served his full sentences on all three of the misdemeanor convictions.

Some confusion has arisen from ambiguous language entered on remand from the petitioner's unsuccessful appeal of his misdemeanor convictions. The Lancaster County Court stated in an Order or Case Action Summary dated July 6, 2004: "Sentences of Feb. 21 '03 are to be served in the identical manner concurrent to pen sentence." The petitioner construes the language "are to be served ... concurrent to pen sentence" to mean that his misdemeanor sentences did not begin to run until after July 6, 2004, and that they were prospectively to be served concurrently to the felony prison term the petitioner was then serving in DCS custody.

---

[2]As I pointed out in denying the respondent's motion for summary judgment: "On the other hand, the denial of filing no. 15 for lack of sufficient information does not mean that the § 2254 petition is properly before this court, a matter which has yet to be determined. If, in this habeas case, the petitioner challenges convictions on which he had fully served his sentences *before* he filed his habeas petition, the convictions may not be subject to collateral attack." (Filing no. 22 at 2.)

I find that a tortured and unreasonable interpretation of the record. To the petitioner's credit, he tried persistently to obtain an explanation from the state courts concerning the July 6, 2004 statements, but without success. Nevertheless, the only possible interpretation of the language by the County Court is that the petitioner's misdemeanor sentences were concurrent, as opposed to consecutive, to each other and to any other sentence to which the petitioner was subject. The fact that the petitioner had already served the misdemeanor sentences did not change by virtue of the County Court's statement. In fact, the petitioner had served his misdemeanor sentences by approximately March 18, 2003, long before he even arrived in state custody on April 15, 2003.

As I explained in filing no. 22, the petitioner lost the ability to bring a § 2254 action once his sentences for the misdemeanor convictions under attack had wholly expired. The United States Supreme Court ruled in Maleng v. Cook, 490 U.S. 488, 490-92 (1989), that federal courts lack jurisdiction to consider a habeas petition attacking a sentence which the petitioner has entirely served when the § 2254 petition is filed. There are two reasons for that limitation on federal habeas corpus review.

First, a petitioner has no right to relitigate the validity of an earlier state conviction when he is no longer in custody because of that conviction. See, e.g., Martin v. Deuth, 298 F.3d 669, 671 (7th Cir. 2002) ("The Supreme Court has interpreted the 'in custody' language as 'requiring that the habeas petitioner be "in custody" under the conviction or sentence under attack at the time his petition is filed.'")

Second, a petitioner's earlier convictions become "conclusively valid" if the sentences for those convictions have been fully served before they are challenged in a § 2254 petition. See, e.g., Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001): "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid."[3]   Thus, because of "the interests of finality and ease of

---

[3]See also Daniels v. United States, 532 U.S. 374, 381 (2001):

Our system affords a defendant convicted in state court numerous

administration," a petitioner may not collaterally attack a fully expired state court conviction under 28 U.S.C. § 2254 or 28 U.S.C. § 2241. Broomes v. Ashcroft, 358 F.3d 1251, 1255 (10th Cir. 2004).[4]

Thus, because the petitioner's misdemeanor sentences were fully served and had wholly expired *before* he filed his § 2254 petition in this case, the foregoing legal decisions bar him from seeking to invalidate those convictions in collateral proceedings in this court. Judgment will be entered dismissing Mr. Weiler's Petition for Writ of Habeas Corpus.

SO ORDERED.

June 2, 2006.                         BY THE COURT:

                                      s/ *Richard G. Kopf*
                                      United States District Judge

---

opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 .... **These vehicles for review, however, are not available indefinitely and without limitation. Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim.** See, e.g., United States v. Olano, 507 U.S. 725, 731... (1993) ("No procedural principle is more familiar to this Court than that **a constitutional right ... may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right** before a tribunal having jurisdiction to determine it"....). One of the principles vindicated by these limitations is a "presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, even when the question is waiver of constitutional rights."

(Emphasis added).

[4]An exception to the "conclusively valid" status of a prior conviction exists when "there was a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 ... (1963)." Lackawanna County District Attorney v. Coss, 532 U.S. 394, 404 (2001). That exception does not apply to this case.